**Michael MAYS, Plaintiff–Appellant,**

**v.**

**Francis WOODRUFF, Inmate Records Coordinator Shawangunk Correctional Facility, Frank Chiapperino, Corrections Counselor, Leonard A. Por-**

**tuondo, Superintendent Shawangunk Correctional Facility, Rubio, Parole Officer at Shawangunk Correctional Facility, Defendants–Appellees,**

**Bernard J. Malone Jr., Albany County Supreme Court Judge, Defendant.**

**Docket No. 04–2309.**

United States Court of Appeals, Second Circuit.

Sept. 9, 2005.

Michael Mays, Elmira, NY, for Appellant, pro se.

Martin A. Hotvet, Assistant Solicitor General, New York (Andrea Oser, Assistant Solicitor General, Eliot Spitzer, Attorney General), Albany, NY, for Appellees, of counsel.

PRESENT: SACK, KATZMANN, and B.D. PARKER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Michael Mays, *pro se,* brought this action pursuant to 42 U.S.C. § 1983. We review the district court's grant of summary judgment for the defendants *de novo,* construing the evidence in the light most favorable to the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.), *cert. denied,* 540 U.S. 823, 124 S.Ct. 153, 157 L.Ed.2d 44 (2003). To prevail on summary judgment the defendants must show there is no genuine issues of material fact and that they

are entitled to judgment as a matter of law. *Id.*

Mays contends that there was a genuine dispute over whether he was denied parole because of an incorrect federal detainer in his prison file at the time of his parole hearing. The only support Mays offers for this argument is his repeated assertions in the district court and this Court that the detainer was not expunged from his parole records. He fails to present any evidence to support his position, and the bare allegations in his complaint, alone, are not sufficient to withstand summary judgment. *See Goenaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2d Cir. 1995). The defendants, on the other hand, have provided uncontroverted evidence that the federal detainer was removed from Mays' file prior to the parole hearing, and that the detainer did not serve as a basis for denying Mays parole. They provided: 1) a declaration of Inmate Records Coordinator Francis Woodruff; 2) Mays' prison records, which included a June 1999 Parole Board decision confirming that he had not been denied parole based on the federal detainer; and 3) letters indicating that the detainer had been removed in April 1999. We therefore conclude that there is no genuine issue of material fact in this regard.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.